UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS BRIGGS,<br><br>              Plaintiff,<br><br>   vs.<br><br>JUDITH BRIGGS,<br><br>             Defendant. | 4:17-CV-04167-KES<br><br>ORDER GRANTING MOTION TO CERTIFY AND GRANTING MOTION TO DISMISS COUNTS TWO AND THREE |

Plaintiff, Thomas Briggs, filed a complaint alleging tortious interference with inheritance or expectancy of inheritance, breach of fiduciary duty, and negligence against defendant, Judith Briggs. Docket 1. Judith moves to dismiss all counts of the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, certify whether South Dakota law provides for a claim of tortious interference with inheritance to the South Dakota Supreme Court. Docket 10. Under Federal Rule of Evidence 201, Judith also moves the court to take judicial notice of the petition filed by Thomas in *In re The Elizabeth A. Briggs Revocable Living Trust,* South Dakota Circuit Court, Third Judicial Circuit. Docket 8. Thomas does not oppose this request, so the court takes judicial notice of the state court petition. Thomas opposes Judith's motion to dismiss, or alternatively, opposes Judith's motion to certify. Docket 15. For the reasons that follow, the court grants Judith's motion to certify the tortious interference with inheritance claim, grants

Judith's motion to dismiss the breach of fiduciary duty claim, and grants Judith's motion to dismiss the negligence claim.

## BACKGROUND

The facts alleged in the complaint, accepted as true, are as follows:

Thomas Briggs, a resident of Indiana, and Judith Briggs, a resident of South Dakota, are the children of Elizabeth Briggs and Willard Briggs. Elizabeth and Willard owned land in Sanborn County, South Dakota, individually or through their trusts, and owned land in Illinois. Elizabeth and Willard deeded the Illinois land to Thomas and Judith in equal shares, but reserved a life estate for themselves. While Thomas settled in Indiana, Judith, with the help of Elizabeth and Willard, spent time farming or ranching in South Dakota since 1978. Elizabeth and Willard indicated their intent to distribute assets to Thomas and Judith equally. Specifically, they stated that if they deeded South Dakota land to Judith, they would distribute an amount equal to the value of that land to Thomas.

In November 1995, Willard executed the Last Will and Testament of Willard T. Briggs (Docket 1-1) and the Willard T. Briggs Revocable Living Trust Agreement (Docket 1-2). The Willard Trust directed the trustee to distribute assets to Thomas and Judith after Elizabeth's death. Willard passed away in February 1997. Thomas did not receive any distribution, devise, or gift from Willard, the Willard Trust, or Willard's estate after Willard passed away. And while Elizabeth was named as the initial trustee of Willard's trust, Judith was named successor trustee.

Like Willard, Elizabeth executed the Elizabeth A. Briggs Revocable Living Trust Agreement in November 1995. Elizabeth executed the Elizabeth A. Briggs Revocable Living Trust Agreement (Amended and Restated) (Restated Elizabeth Trust) on January 16, 2009, when she was 89 years old. Docket 1-3. The Restated Elizabeth Trust removed Thomas as a beneficiary and instead stated, in part, that Judith would receive all the assets in Elizabeth's trust upon Elizabeth's death. On January 3, 2012, Elizabeth again amended the Restated Elizabeth Trust (First Amendment), which purposely omitted Thomas's daughter, Elizabeth's granddaughter, as a beneficiary. Docket 1-4. The First Amendment directed real property to the Wildlife Preserve Trust, which was established by Judith. Thomas alleges Elizabeth was unable to read both the Restated Elizabeth Trust and First Amendment when she signed them at ages 89 and 92, respectively, because of her poor eyesight.

Thomas and Judith were concerned about Elizabeth's capacity and competency as Elizabeth aged and her health deteriorated. Elizabeth suffered from poor eyesight, partial blindness, and possibly even complete blindness. Judith became the primary caretaker for Elizabeth after Willard passed away in 1997. Thomas alleges that Judith isolated Elizabeth from society, friends, and family members, including Thomas. Elizabeth relied on Judith for assistance, such as driving, attending doctor's appointments, paying bills, cleaning, responding to the mail, and purchasing groceries and prescriptions. Elizabeth also changed legal counsel to Judith's then-attorney sometime after Willard died. Judith managed Elizabeth's finances, had access to Elizabeth's bank

3

accounts, and maintained a confidential relationship with Elizabeth. And while Elizabeth relied on Judith to maintain her relationships with friends and family members, including Thomas, those relationships changed and declined after Judith began caring for Elizabeth.

In April 2006, Elizabeth called Thomas and asked him to deed the Illinois land back to her because she was in financial distress, even though Elizabeth indicated satisfaction with her finances a week earlier. Thomas heard Judith "coaching" Elizabeth on what to say. Docket 1 ¶ 61. Thomas declined to deed the land back to Elizabeth. In May 2006, he emailed Judith asking about Elizabeth's funds, but Judith never responded. About two weeks later, Thomas received a letter from Judith's attorney at the time, which directed Thomas not to ask any questions about the Willard Trust or financial situation of Elizabeth or Judith. Judith's attorney at the time told Thomas that he was "not entitled to receive any assets now or in the future from [his] father, [his] mother, or [his] sister." Docket 1 ¶ 31.

Thomas never saw Elizabeth after April 2006. He continued to reach out to her, but she became more distant and her contact with Thomas was supervised by Judith. After Elizabeth's death, Thomas learned that Judith had moved Elizabeth into a nursing home in Woonsocket, South Dakota. Elizabeth broke her hip and suffered from pneumonia in the weeks prior to her death, but Judith never told Thomas. Elizabeth passed away on July 16, 2013. Based on Judith's instruction, no obituary or notice of death was placed in the local newspaper. Thomas and his daughter, Elizabeth's only grandchild, were left

out of Elizabeth's funeral program. In fact, no one told Thomas that Elizabeth had passed away so he did not attend her memorial service.

Thomas learned of Elizabeth's death on or about August 15, 2013, when Elizabeth's former attorney sent Thomas a letter indicating that Elizabeth had died and disinherited him. Thomas alleges the letter disinheriting him was written in someone else's handwriting. Elizabeth's former attorney also provided Thomas with a Notice of Time for Commencing Judicial Proceedings, citing to SDCL § 55-4-57.

Thomas filed a Notice of Objection to the Trust Instrument for Elizabeth A. Briggs with the Sanborn County Clerk of Courts on October 15, 2013. He also filed a Petition for Accounting, Privacy of Court File, Determination of Grantor's Capacity, and Request for Documentation (Petition) in Sanborn County on April 18, 2015. Judith moved to dismiss the Petition for failure to comply with SDCL § 55-4-57, which the state court granted. On appeal, the South Dakota Supreme Court affirmed. *See In re Elizabeth A. Briggs Revocable Living Trust*, 898 N.W.2d 465 (S.D. 2017). Under diversity jurisdiction, Thomas brings the present action against Judith in her individual capacity for tortious interference with inheritance or expectancy of inheritance, breach of fiduciary duty, and negligence.

## LEGAL STANDARD

A court may dismiss a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

5

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The court assesses plausibility by considering only the materials in the pleadings and exhibits attached to the complaint, drawing on experience and common sense, and reviewing the plaintiff's claim as a whole. *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012). Materials that are part of the public record may also be considered in ruling on a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Inferences are construed in favor of the nonmoving party. *Id.* at 1129 (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009)). A well-pleaded complaint should survive a motion to dismiss "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly,* 550 U.S. at 556 (internal quotations omitted).

### DISCUSSION

Count 1 of Thomas's complaint alleges Judith tortuously interfered with his inheritance or expectancy of inheritance, Count 2 alleges Judith breached her fiduciary duty, and Count 3 alleges negligence. Docket 1. Judith argues that all three counts in Thomas's complaint must be dismissed. Docket 11.

## I. Tortious Interference with Inheritance or Expectancy of Inheritance

Judith argues Thomas's claim for tortious interference with inheritance must be dismissed because the doctrine of res judicata bars Thomas from relitigating this claim, and the South Dakota Supreme Court has not and would not recognize the tort. Docket 11. In response, Thomas argues res judicata does not bar him from pursuing the present action because the present action is between the parties in different capacities and seeks a different form of relief than what he sought in the state court trust contest, and the South Dakota Supreme Court indicated it would recognize this tort in *In re Elizabeth A. Briggs Revocable Living Trust*, 898 N.W.2d 465 (S.D. 2017). Docket 15. If this court is unsure whether South Dakota would recognize the claim of tortious interference with inheritance, however, Judith requests the court to certify the issue to the South Dakota Supreme Court. Docket 11. Thomas claims that certification is not necessary because a federal court may recognize a tort claim that was not recognized by the state previously. Docket 15 at 8 (citing *DiRuggiero v. Rodgers*, 743 F.2d 1009, 1018 (3d Cir. 1984)).

While the South Dakota Supreme Court has not recognized the claim of tortious interference with inheritance, it has not provided any indication of rejecting the cause of action either. Based on the court's research, the tort has surfaced in only two cases that have reached the South Dakota Supreme Court—*Niesche v. Wilkinson*, 841 N.W.2d 250 (S.D. 2013) and *Olson v. Olson Estate*, 751 N.W.2d 706, 707-09 (S.D. 2008)—and the South Dakota Supreme Court expressed no opinion on the existence of the tort in either case.

In *Niesche*, the plaintiff brought several causes of action against the defendant, including one for intentional interference with inheritance. 841 N.W.2d at 253. The circuit court granted summary judgment in favor of the defendant on all claims. *Id.* On appeal to the South Dakota Supreme Court, the plaintiff's claim for tortious interference with inheritance was listed as a cause of action, but in affirming the lower court's decision on all grounds, the South Dakota Supreme Court did not address the tortious interference with inheritance claim. *Id.* Rather, the law of property controlled the issues raised on appeal. *Id.* at 258. *See also Olson*, 751 N.W.2d at 707-09 (citing sources explaining loss of inheritance is a recoverable pecuniary loss under a wrongful death statute, but stating "[i]n this case, we need not decide whether recovery of a prospective inheritance will be recognized in South Dakota. The question need not be decided because, even if recognized, [the decedent's estate] could not have proved that she had such a claim.").

In the *Matter of Elizabeth A. Briggs Revocable Living Trust*, on the other hand, the South Dakota Supreme Court also did not indicate recognition of the tort like Thomas suggests. *See* Docket 15 at 6-7 ("While not identifying TIIEI by name, the [South Dakota Supreme Court] recognized the existence of a tort claim against an individual that wrongly used her position to interfere with an inheritance."). Rather, the portion of the South Dakota Supreme Court's opinion that Thomas relies on discusses Thomas's claim for breach of fiduciary duty:

> Thomas next contends that even if the foregoing claims are barred, the circuit court erred in dismissing his claim for damages against Judith for breach of fiduciary duty. We disagree. A claim for breach of fiduciary duty sounds in tort, and Thomas's petition is based on the theory that Judith wrongly used her position as Elizabeth's caretaker—not as the trustee—to unduly influence Elizabeth to execute the amendments. Because Thomas has not argued that the trust is liable for Judith's alleged tort, the threshold question is whether Thomas may assert his tort claim against Judith in this proceeding regarding the trust.

*In re Elizabeth A. Briggs Revocable Living Trust*, 898 N.W.2d at 471 (citations and footnote omitted). In fact, it does not appear that Thomas alleged tortious interference with inheritance as a cause of action in his state court petition. *See* Docket 12-1.

### A. States are Split in Recognizing a Claim for Tortious Interference with Inheritance

In general, the tort for tortious interference with inheritance or expectancy of inheritance provides that "[o]ne who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift." Restatement (Second) of Torts § 774B (Am. Law Inst. 1979). While the tort is "widely recognized," *see Marshall v. Marshall*, 547 U.S. 293, 312 (2006), it is not recognized in every state.

"There is a jurisdictional split between the states that recognize intentional interference with an inheritance as a cause of action and those that do not." *Litherland v. Jurgens*, 869 N.W.2d 92, 96 (Neb. 2015). Courts in states that recognize the tort note that it is different from a petition to contest the

9

validity of a will in that it allows a plaintiff to seek money damages from the individual defendant rather than setting aside a will. *In re Estate of Ellis*, 923 N.E.2d 237, 241 (Ill. 2009); *see also Huffey v. Lea*, 491 N.W.2d 518 (Iowa 1992) (discussing Iowa's recognition of the tort).

Some states, however, do not recognize the tort at all. *See In re Estate of Stanley*, 2009 WL 4910852, at *7 (Minn. Ct. App. Dec. 22, 2009) (noting that Minnesota is "not inclined to embrace the tort of intentional interference with an inheritance."); *Hauck v. Seright*, 964 P.2d 749, 753 (Mont. 1998) (refusing to adopt tortious interference with an expectancy and noting the facts of the case instead presented a claim for undue influence). Other states do not allow the tort to proceed when the probate proceedings can provide a sufficient remedy. *See Litherland*, 869 N.W.2d at 96 (refusing to adopt the tort and citing several state courts that have concluded the tort is unavailable when probate remedies are sufficient); *DeWitt v. Duce*, 408 So.2d 216, 220 (Fla. 1981) (concluding that while tortious interference with inheritance is recognized, there was "an adequate remedy in the probate proceedings" to dispute the estate documents); *Smith v. Chatfield*, 797 S.W.2d 508, 509-10 (Mo. Ct. App. 1990) (noting that Missouri recognizes a claim for tortious interference with inheritance, but the will contest under the present set of facts provided "a complete remedy."). *But see Plimpton v. Gerrard*, 668 A.2d 882, 887 (Me. 1995) ("The theoretical possibility of adequate relief in the Probate Court does not compel [the plaintiff] to go there to pursue his tortious interference claim.").

Thus, when a state recognizes tortious interference with inheritance as a cause of action, states can limit the tort. *See Litherland*, 869 N.W.2d at 96 ("However, even among those states that recognize this tort, most have held that a claim may be brought only in limited circumstances."). On the other hand, a state cannot restrict the tort to the exclusive jurisdiction of that state's probate court. *See Marshall*, 547 U.S. at 313-14 ("It is clear, under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), that Texas law governs the substantive elements of [the plaintiff's] tortious interference claim. It is also clear, however, that Texas may not reserve to its probate courts the exclusive right to adjudicate a transitory tort.").

**B.     Certification to the South Dakota Supreme Court is Proper**

Under SDCL § 15-24A-1, a federal court may certify a question of law to the South Dakota Supreme Court if there is a question of South Dakota law "which may be determinative of the cause pending" in the federal court and it appears "that there is no controlling precedent" in the South Dakota Supreme Court's decisions. "Whether a federal district court should certify a question of state law to the state's highest court is a matter 'committed to the discretion of the district court.' " *First Dakota Nat'l Bank v. BancInsure, Inc.*, 2013 WL 6901237, at *2 (D.S.D. Dec. 31, 2013) (quoting *Allstate Ins. Co. v. Steele*, 74 F.3d 878, 881-82 (8th Cir. 1996)).

Here, Thomas's claims under diversity jurisdiction require this court to apply the law of South Dakota. But without guidance as to the existence and parameters of the potential claim for tortious interference with inheritance

11

under South Dakota law and noting the variations among other states, an analysis by this court would be based on speculation. And an analysis on res judicata may not be necessary depending on how the South Dakota Supreme Court answers this court's certification question. *See Huffey*, 491 N.W.2d at 520-22 (noting that "there is no bright-line rule requiring that the two actions be brought together[,]" and concluding that the lower court erred in ruling that claim preclusion barred a second lawsuit for tortious interference with inheritance after a prior will contest because the two lawsuits did not present the same claim).

Thus, this court finds the question of the existence and scope of the claim of tortious interference with inheritance or expectancy of inheritance is determinative of the cause pending here. *See* SDCL § 15-24A-1. And in the "absence of controlling precedent . . . [that] would enable this court to reach a sound decision without indulging in speculation or conjecture," it is "better practice" to seek a definitive answer from the South Dakota Supreme Court. *Kulinski v. Medtronic Bio-Medicus, Inc.*, 112 F.3d 368, 372 (8th Cir. 1997) (quotation omitted). Thus, the court concludes certification of the issue to the South Dakota Supreme Court is proper.

## II. Breach of Fiduciary Duty

In his complaint, Thomas alleges that Judith "was acting as Elizabeth's and/or [Thomas's] fiduciary" and she breached her fiduciary duties owed to Elizabeth and Thomas, which harmed Elizabeth and Thomas. Docket 1 ¶¶ 129-134. Judith argues this claim must be dismissed under the doctrine of res

12

judicata because Thomas raised a breach of fiduciary duty claim in his state court petition. Docket 11 at 9. In response, Thomas contends that the elements of res judicata are not met because the parties are different, the actions address different issues, and the actions seek different relief. Docket 15 at 4.

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "The law of the forum that rendered the first judgment controls the res judicata analysis." *Laase v. Cty. of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011) (quotation omitted). Because the parties are contesting whether the South Dakota Supreme Court's decision in *In re Elizabeth A. Briggs Revocable Living Trust* precludes the present action, South Dakota's res judicata analysis applies in this case.

The South Dakota Supreme Court examines four elements to determine if res judicata applies:

> (1) the issue in the prior adjudication must be identical to the present issue, (2) there must have been a final judgment on the merits in the previous case, (3) the parties in the two actions must be the same or in privity, and (4) there must have been a full and fair opportunity to litigate the issues in the prior adjudication.

*Dakota, Minnesota & E. R.R. Corp. v. Acuity*, 720 N.W.2d 655, 661 (S.D. 2006) (citation omitted).

In the state court petition, Thomas brought claims contesting Elizabeth's trust amendments. *In re Elizabeth A. Briggs Revocable Living Trust*, 898 N.W.2d at 468. The South Dakota Supreme Court noted:

> A claim for breach of fiduciary duty sounds in tort, and Thomas's petition is based on the theory that Judith wrongly used her position as Elizabeth's caretaker—not as the trustee—to unduly influence Elizabeth to execute the amendments. Because Thomas has not argued that the trust is liable for Judith's alleged tort, the threshold question is whether Thomas may assert his tort claim against Judith in this proceeding regarding the trust. He may not because the record does not reflect that he commenced an action against Judith in her individual capacity or moved to join her as a party defendant.

*Id.* at 471 (citations and footnote omitted).

In the present action, on the other hand, Thomas has sued Judith in her individual capacity. While Thomas alleged Judith breached her fiduciary duty in the state court proceeding contesting Elizabeth's trust, he did not sue Judith individually. Rather, he filed his petition to contest the validity of Elizabeth's trust amendments. Even if he had succeeded, his remedy would have been against Elizabeth's trust—not Judith. And Judith moved to dismiss Thomas's petition in her capacity as trustee.

Here, Thomas brings allegations against Judith under tort and seeks damages from Judith in her individual capacity. Thus, the parties in the two actions are not same. *See Schell v. Walker*, 305 N.W.2d 920, 922 (S.D. 1981) ("Identity of parties is not a mere matter of form, but of substance. Parties nominally the same may be, in legal effect, different, and parties nominally different may be, in legal effect, the same."); *Keith v. Willers Truck Serv.*, 266 N.W. 256, 258 (S.D. 1936) ("It is settled law that a former judgment does not have the effect of res judicata . . . unless the second action is not only between the same parties, but also between them in the same capacity or character.").

The court finds that res judicata does not bar Thomas's breach of fiduciary duty claim because the third element is not met.

Judith also argues Thomas's breach of fiduciary duty claim must be dismissed because he has failed to establish the elements of the claim. Docket 11 at 10. Thomas asserts that he is the real party in interest, Judith had a confidential relationship with Elizabeth akin to a fiduciary relationship, and he is not barred by the statute of limitations. Docket 15 at 8-10.

A prima facie claim of breach of fiduciary duty under South Dakota law requires a plaintiff to show:

> (1) that the defendant was acting as plaintiff's fiduciary; (2) that the defendant breached a fiduciary duty to plaintiff; (3) that plaintiff incurred damages; and (4) that the defendant's breach of the fiduciary duty was a cause of plaintiff's damages.

*Chem-Age Indus., Inc. v. Glover*, 652 N.W.2d 756, 772 (S.D. 2002) (citation omitted).

The basis of Thomas's theory is that Judith, acting in a confidential relationship to Elizabeth, owed a fiduciary duty to Thomas in his position as a beneficiary before Elizabeth disinherited him. Docket 15 at 9; *see generally* Docket 1. Taking Thomas's complaint as true, Judith, as caretaker for Elizabeth, developed a confidential relationship with Elizabeth. Thus, Judith owed a fiduciary duty to Elizabeth. *See In re Estate of Duebendorfer*, 721 N.W.2d 438, 445 (S.D. 2006) (explaining that "a confidential relationship is generally synonymous with a fiduciary relationship[,]" and noting that a "fiduciary has a duty to act primarily for the benefit of the other." (internal quotations omitted)). And while Judith owed fiduciary duties to the

15

beneficiaries of Elizabeth's trust in her capacity as trustee, *see In re Estate of Moncur*, 812 N.W.2d 485, 488 (S.D. 2012), Thomas is presently suing Judith in her individual capacity and alleging that Judith owed a fiduciary duty to him.

But based on this confidential relationship with Elizabeth, Judith, in her individual capacity, did not owe Thomas, an expected beneficiary in the years leading up to Elizabeth's disinheritance of him, the same fiduciary duty that she owed Elizabeth. Elizabeth had the right to disinherit Thomas by amending her trust. *See In re Donald Hyde Trust*, 858 N.W.2d 333, 339-41 (S.D. 2014) (discussing a settlor's ability to amend or revoke a revocable trust during her lifetime). Whether Elizabeth disinherited Thomas because of Judith is one question, but it is a question that does not identify what fiduciary duty Judith owed to Thomas before Elizabeth's death. Thus, Thomas has not established a plausible claim for breach of fiduciary duty against Judith in her individual capacity. And he has not provided the court with any authority where a person—in her individual capacity—as caretaker for the settlor owes fiduciary duties to another person with facts similar to his claim. Because Thomas has failed to state a claim, his breach of fiduciary duty claim is dismissed.

### III. Negligence

Thomas's complaint alleges a claim of negligence. Docket 1 ¶¶ 135-140. In support of her argument that Thomas has failed to state a claim for relief, Judith contends that the economic loss doctrine under South Dakota law prohibits a negligence claim here. Docket 11 at 10. Thomas, in response, argues that the economic loss doctrine only applies when the duties owed are

16

created by contract, and here, Judith's duties arose under tort. Docket 15 at 10.

Under South Dakota law, the economic loss doctrine provides that purely economic losses are not recoverable under tort theories. *See City of Lennox v. Mitek Indus., Inc.*, 519 N.W.2d 330, 334 (S.D. 1994) (concluding that "economic damages are not recoverable under the tort theory of negligence"). The doctrine prohibits parties "from eschewing the more limited contract remedies and seeking tort remedies." *Kreisers Inc. v. First Dakota Title Ltd. P'ship*, 852 N.W.2d 413, 421 (S.D. 2014) (quotation omitted). Thus, "regardless of whether a tort duty may exist between contracting parties, the actual duty one party owes to another for purely economic loss should be based exclusively on the contract to which they agreed and assigned their various risks." *Id.*

Judith argues that because Thomas has not alleged personal injury or personal property damages, his claim is barred. Docket 11 at 10-11. The economic loss doctrine, however, assumes there is a contractual relationship between the parties and one party is attempting to circumvent the duties addressed in the contract. That is not the case here. The facts supporting Thomas's complaint are not derived from a contract between Thomas and Judith. So the economic loss doctrine does not bar Thomas's claim.

But Elizabeth's trust was a revocable trust, and in 2009 and 2012, Elizabeth amended her trust to expressly omit Thomas and Thomas's daughter as beneficiaries upon Elizabeth's death. *See* Dockets 1-3, 1-4. Judith, as the alternate trustee of Elizabeth's trust, did not begin to administer her trustee

17

duties until Elizabeth's death in 2013. Thomas's negligence cause of action suffers from the same issue as his breach of fiduciary duty cause of action discussed above. Thomas's complaint pleads facts to allege how Judith developed a confidential relationship with Elizabeth and unduly influenced Elizabeth in the years before Elizabeth passed away. And his negligence cause of action merely alleges that Judith owed Thomas a duty but she breached that duty.[1] But again, Thomas has not identified what duty Judith, in her individual capacity, owed Thomas during Elizabeth's lifetime based on Judith's confidential relationship with Elizabeth. Thus, Thomas has failed to state a plausible claim of negligence so that claim is dismissed.

**CONCLUSION**

Because it is unclear whether South Dakota will adopt the tort of tortious interference with inheritance or expectancy of inheritance and this issue of law is determinative of the action pending here, certification to the South Dakota Supreme Court is proper. As to the breach of fiduciary duty and negligence

---

[1] To the extent that Thomas pleads Judith owed a duty to Elizabeth and breached her duty to Elizabeth, Thomas has no standing to assert that claim on Elizabeth's behalf under either the breach of fiduciary duty claim or the negligence claim. To establish standing, one must be the real party in interest. *In re Florence Y. Wallbaum Revocable Living Trust Agreement*, 813 N.W.2d 111, 121 (S.D. 2012) (quoting *Arnoldy v. Mahoney*, 791 N.W.2d 645, 653 (S.D. 2010)); *see also* SDCL 15-6-17(a) ("Every action shall be prosecuted in the name of the real party in interest."). A plaintiff must show he personally suffered an actual or threatened injury as a result of the defendant's conduct in order to meet the real party in interest requirement. *In re Florence Y. Wallbaum Revocable Living Trust Agreement*, 813 N.W.2d at 121 (quotations omitted). Here, Thomas cannot show he was personally injured because of Judith's breach of duty owed to Elizabeth.

18

claims, Thomas has failed to state a claim for which relief may be granted because he has failed to establish what duty Judith owed Thomas during Elizabeth's lifetime. Thus, it is

ORDERED that Judith's motion to dismiss count one is denied, but Judith's motion to certify (Docket 10) is granted. The following question will be certified to the South Dakota Supreme Court:

> Does South Dakota recognize the tort of tortious interference with inheritance or expectancy of inheritance?

IT IS FURTHER ORDERED that Judith's motion to dismiss (Docket 10) is granted as to count two and count three in the complaint.

IT IS FURTHER ORDERED that Judith's motion to take judicial notice (Docket 8) is granted.

IT IS FURTHER ORDERED that under SDCL § 15-24A-5, the Clerk of Court shall forward this certification order under official seal to the South Dakota Supreme Court.

Dated June 27, 2018.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE